T.C. Summary Opinion 2009-44

UNITED STATES TAX COURT

JEFFERY ALLEN SUITER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15409-07S.               Filed March 26, 2009.

Jeffery Allen Suiter, pro se.

<u>Terra-Lynn Zentara</u>, for respondent.

GALE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986 as in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All dollar amounts have been rounded to the nearest dollar.

to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $1,465 with respect to petitioner's 2004 Federal income tax. The issues for decision are: (1) Whether petitioner is entitled to a dependency exemption deduction under section 151(a) and (c); and (2) whether petitioner is entitled to a child tax credit under section 24(a).

## Background

Some of the facts have been stipulated. We incorporate the stipulated facts and exhibits into our findings by this reference. At the time the petition was filed, petitioner resided in Kentucky.

Petitioner timely filed his Federal income tax return for 2004. On his return, petitioner claimed a dependency exemption deduction and child tax credit for JKS,[2] petitioner's minor son from a prior marriage to Amanda Suiter (Amanda), with whom he had two children. JKS is the younger of their two children.

Petitioner and Amanda divorced in 1997. On February 3, 1998, the State court with jurisdiction held a hearing in connection with the divorce and, by oral order, granted petitioner and Amanda joint custody of their children and directed that petitioner would be allowed to claim a "tax

_____

[2]The Court refers to minor children by their initials. See Rule 27(a)(3). JKS was born in 1995.

exemption" for JKS on his tax returns and that Amanda would be allowed to claim a "tax exemption" for their older child on her tax returns. In a written order dated February 9, 1998, the State court designated Amanda the "primary residential caretaker" of the children and awarded petitioner visitation rights on a regular basis. Subsequently, Amanda remarried and made plans to move to Georgia with her new husband and the children. Petitioner filed a motion seeking primary residential custody of the children which, by written order entered February 19, 1999, the State court denied. In the order the State court permitted Amanda to move with her husband and children to Georgia and awarded petitioner visitation rights generally every third week from Friday at 6 p.m. to Sunday at 4 p.m., as well as for 6 consecutive weeks during the summer and during certain holidays.

In 2004 JKS resided with petitioner approximately 4 months. As noted, petitioner claimed a dependency exemption deduction with respect to JKS on his 2004 return and included thereon JKS's Social Security number. No Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or any other waiver signed by Amanda was attached to the return.

Respondent issued a notice of deficiency with regard to petitioner's 2004 taxable year, disallowing the dependency exemption deduction and child tax credit that petitioner claimed for JKS. Petitioner filed a timely petition for redetermination.

## Discussion

The Commissioner's determinations in the notice of deficiency are presumed correct and the taxpayer bears the burden of proving error in the determinations.  See Rule 142; Welch v. Helvering, 290 U.S. 111 (1933).  Petitioner has not claimed or shown eligibility for a shift in the burden of proof under section 7491(a).  He has not in any event introduced credible evidence that, standing alone, would be a sufficient basis for a decision in his favor.  See Higbee v. Commissioner, 116 T.C. 438, 442 (2001).  Consequently, the burden of proof does not shift to respondent pursuant to section 7491(a).

Dependency Exemption Deduction

Section 151(a) and (c) allows a taxpayer a deduction for each individual who is a dependent of the taxpayer as defined in section 152, provided that the dependent's identifying number is included on the return.  See secs. 151(e), 7701(a)(41), 6109. Section 152(a) defines the term "dependent" in pertinent part to include a son of the taxpayer over half of whose support for the calendar year was received from the taxpayer, or treated as received under section 152(c) or (e).

Section 152(e)(1) provides a special rule for treating a taxpayer as providing over half of the support of his or her child where the parents are divorced.  The special rule states that if the child received over half of his support during the

calendar year from his divorced parents and the child is in the custody of one or both parents for more than one-half of the calendar year, then the child is treated as receiving over half of his support during the calendar year from the parent having custody for the greater portion of the calendar year (referred to as the "custodial parent" in the statute).  See id.  The regulations provide that if the parents have "split" custody, then "'custody' will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year."  Sec. 1.152-4(b), Income Tax Regs.[3] (emphasis added); see also Neal v. Commissioner, T.C. Memo. 1999-97; Noah v. Commissioner, T.C. Memo. 1998-384; Nieto v. Commissioner, T.C. Memo. 1992-296.

An exception to the section 152(e)(1) rule for divorced parents is extended in section 152(e)(2),[4] which provides that if the custodial parent signs a written declaration that he or she will not claim the child as a dependent and the "noncustodial

---

[3]As cited herein, sec. 1.152-4(b), Income Tax Regs., is applicable for taxable years beginning after Dec. 31, 1966, 36 Fed. Reg. 5337 (Mar. 20, 1971), and before July 2, 2008, 73 Fed. Reg. 37804 (July 2, 2008).

[4]The exceptions in sec. 152(e)(3) and (4) do not apply in this case.  There is no evidence of a multiple support agreement as defined in sec. 152(c) covering petitioner's children in 2004 and there was no pre-1985 instrument within the meaning of sec. 152(e)(4) applicable to them.

parent"[5] attaches the declaration to his or her return for the taxable year, then the noncustodial parent is entitled to the dependency exemption deduction.

Petitioner and Amanda had joint custody of JKS during 2004. The parties have stipulated that petitioner had physical custody of JKS for approximately 4 months in that year. Given the State court's February 19, 1999, order permitting Amanda to move to Georgia and take the children with her, we find--in the absence of any contrary evidence--that Amanda had physical custody of JKS for the remainder of 2004; therefore, she is the custodial parent as defined in section 152(e)(1).[6] Because petitioner, the noncustodial parent, did not attach Form 8332 or an equivalent waiver to his 2004 tax return, he is not entitled to the dependency exemption deduction. See sec. 152(e)(2); see also Miller v. Commissioner, 114 T.C. 184, 195-196 (2000). In Miller, we explained the blanket nature of the rule and its rationale.

> Section 152(e)(2) clearly requires that the custodial parent release the dependency exemption for a child by signing a written declaration to that effect in order for the noncustodial parent to claim the child's dependency exemption. The control over a child's dependency exemption conferred on the custodial parent by section 152(e)(2) was intended by Congress to simplify the process of determining who is entitled to

---

[5]For purposes of section 152(e), the term "noncustodial parent" means the parent who is not the custodial parent. Sec. 152(e)(2).

[6]We assume without deciding that petitioner and Amanda together provided more than half of JKS's support during 2004.

claim dependency exemptions for children of a
marriage. * * * [Id.]

Petitioner argues that he is entitled to claim JKS as a
dependent for 2004 pursuant to the February 3, 1998, order of the
State court granting him that right.  While petitioner's
frustration may be understandable, it is nonetheless the case
that a State court grant to a taxpayer of the right to claim the
dependency exemption deduction is ineffective if the requirements
of section 152 are not met, because a State court cannot
determine issues of Federal tax law.[7]  Miller v. Commissioner,
supra at 196.

On the basis of the foregoing, we hold that petitioner is
not entitled to a dependency exemption deduction for JKS for
2004.  Accordingly, we sustain respondent's determination

---

[7]In 2004 Congress considered, but promptly rejected, a rule
that would have treated a State court order as a sufficient basis
for claiming the dependency exemption.  See Working Families Tax
Relief Act of 2004 (WFTRA), Pub. L. 108-311, sec. 201, 118 Stat.
1169 (amending sec. 152(e)(2), effective for taxable years
beginning after Dec. 31, 2004, to provide that a noncustodial
parent is entitled to the dependency exemption deduction for a
child supported by the divorced parents together if "a decree of
divorce or separate maintenance or written separation agreement
* * * provides that * * * the noncustodial parent shall be
entitled to any deduction allowable under section 151 for such
child").  However, Congress promptly reconsidered and
retroactively repealed the 2004 change before the end of 2005, so
that it had no effect.  See Gulf Opportunity Zone Act of 2005,
Pub. L. 109-135, sec. 404, 119 Stat. 2632 (retroactively amending
sec. 152(e)(2), effective as if included in the WFTRA, to
eliminate the noncustodial parent's entitlement to a dependency
exemption deduction pursuant to a State court decree).

disallowing the dependency exemption deduction for JKS claimed by petitioner for 2004.

Child Tax Credit

Subject to income limitations not pertinent here, a child tax credit is allowed with respect to each "qualifying child" of the taxpayer. Sec. 24(a) and (b). Section 24(c) defines a "qualifying child" as an individual for whom the taxpayer is allowed a dependency exemption deduction under section 151 and who has not attained age 17. Since we have concluded that petitioner is not entitled to a dependency exemption deduction for JKS, JKS is not petitioner's "qualifying child" under section 24(c). Consequently, petitioner is not entitled to claim a child tax credit, and we sustain respondent's determination to that effect.

To reflect the foregoing,

Decision will be entered

for respondent.